**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SELENA GOODEN,

        Plaintiff,

v.                                                                Case No. 12-CV-12826
                                                                  Honorable Denise Page Hood

BILL CLINTON, HILARY CLINTON,
CLINTON FOUNDATION, BILL GATES,
and MICROSOFT COMPANIES,

        Defendants.

_____/

## ORDER STRIKING MOTION TO CLARIFY AND STRIKING  MOTIONS THAT JUSTICE IS ADMINISTERED

Now before the Court is Plaintiff Selena Gooden's Motion to Clarify [Docket No. 9] and

Motions that Justice is Administered [Docket Nos. 9, 10].   Plaintiff filed this action on June 27,

2012.  On July 2, 2012, the Court issued an order striking the document because it did not conform

with the federal or local rules.  Plaintiff has not filed a document that complies with the rules.

Accordingly, there is no matter before the Court.

Plaintiff did  not file a motion for reconsideration of the Court's order to strike.  The Court

may properly grant a motion for reconsideration if the movant shows that the Court and the parties

were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect

which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d

872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case

would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3).  If the Court were

to construe Plaintiff's Motion to Clarify and Motions that Justice is Administered as motions for

reconsideration, the motions are untimely.  Plaintiff was required to request reconsideration of the

Court's order within 14 days of entry of the order. Plaintiff's motions were filed well outside this time frame.

Even if the Court were to consider Plaintiff's arguments, a review of Plaintiff's proposed 91-page Complaint shows that it is frivolous and fails to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The allegations of a *pro se* litigant are held to a "less stringent standard" than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Although the Court is to apply care to the pleadings of a *pro se* litigant, the Court is not required to guess the nature of the claims asserted. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting that "liberal construction [of a pro se petitioner's pleadings] does not require a court to conjure allegations on a litigant's behalf") (quoting *Erwin v. Edwards*, 22 Fed. App'x. 579, 580 (6th Cir. 2001)); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff explains that she is HIV negative and has been terrorized by Bill Clinton, who she alleges is HIV positive. It appears that Plaintiff is alleging that Defendants have engaged in acts of terrorism. Plaintiff has failed to state any arguable basis for relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Request that Justice is Administered [Docket Nos. 7 and 10] are **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify Crouch Information [Docket No. 9, filed December 10, 2012] is **STRICKEN**.

Dated: December 28, 2012                                  s/ Denise Page Hood
                                                         DENISE PAGE HOOD
                                                         United States District Judge

2

12-12826 Gooden v. Clinton et al

I hereby certify that a copy of the forgoing document was sent to parties of record on December 28, 2012, electronically and/or by U.S. mail.

s/ Michael Williams
Relief Case Manager for the
Honorable Denise Page Hood

3