**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SELENA GOODEN,

        Plaintiff,

v.                                                                                          Case No. 12-CV-12826
                                                                                            Honorable Denise Page Hood

BILL CLINTON, HILARY CLINTON,
CLINTON FOUNDATION, BILL GATES,
and MICROSOFT COMPANIES,

        Defendants.

_____/

## ORDER STRIKING MOTION TO CLARIFY AND STRIKING MOTIONS THAT JUSTICE IS ADMINISTERED

Now before the Court is Plaintiff Selena Gooden's Motion to Clarify [Docket No. 9] and Motions that Justice is Administered [Docket Nos. 9, 10]. Plaintiff filed this action on June 27, 2012. On July 2, 2012, the Court issued an order striking the document because it did not conform with the federal or local rules. Plaintiff has not filed a document that complies with the rules. Accordingly, there is no matter before the Court.

Plaintiff did not file a motion for reconsideration of the Court's order to strike. The Court may properly grant a motion for reconsideration if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3). If the Court were to construe Plaintiff's Motion to Clarify and Motions that Justice is Administered as motions for reconsideration, the motions are untimely. Plaintiff was required to request reconsideration of the

Court's order within 14 days of entry of the order.  Plaintiff's motions were filed well outside this time frame.

Even if the Court were to consider Plaintiff's arguments, a review of Plaintiff's proposed 91-page Complaint shows that it is frivolous and fails to state a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The allegations of a *pro se* litigant are held to a "less stringent standard" than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Although the Court is to apply care to the pleadings of a *pro se* litigant, the Court is not required to guess the nature of the claims asserted. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting that "liberal construction [of a pro se petitioner's pleadings] does not require a court to conjure allegations on a litigant's behalf") (quoting *Erwin v. Edwards*, 22 Fed. App'x. 579, 580 (6th Cir. 2001)); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Plaintiff explains that she is HIV negative and has been terrorized by Bill Clinton, who she alleges is HIV positive.  It appears that Plaintiff is alleging that Defendants have engaged in acts of terrorism. Plaintiff has failed to state any arguable basis for relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Request that Justice is Administered [Docket Nos. 7 and 10] are **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify Crouch Information [Docket No. 9, filed December 10, 2012] is **STRICKEN**.

Dated: December 28, 2012                                  s/ Denise Page Hood
                                                                              DENISE PAGE HOOD
                                                                              United States District Judge

12-12826 Gooden v. Clinton et al

I hereby certify that a copy of the forgoing document was sent to parties of record on December 28, 2012, electronically and/or by U.S. mail.

                                           s/ Michael Williams  
                                           Relief Case Manager for the  
                                           Honorable Denise Page Hood